Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
Robert L. Schug, CA State Bar No. 249640
RSchug@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiffs and the Proposed Classes

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Sliger, Carol Dion and Scott Avila, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>       Plaintiffs,<br><br>  vs.<br><br>Prospect Mortgage, LLC, and DOES 1-50, inclusive,<br><br>       Defendants. | **Case No.: 10-cv-01952-LJO-SMS**<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**(1)  Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)**<br><br>**(2) Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)**<br><br>**(3)  Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, and 1194 and IWC Wage Order(s))**<br><br>**(4) Failure to Pay Minimum Wage in Violation of California Law (Cal. Lab. Code §§ 1182.12, 1194, and 1194.2))**<br><br>**(5)  Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**<br><br>**(6)  Failure to Provide Itemized Wage Statements (Cal. Lab. Code § 226)** |

**(7)  Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code § 226.7)**

**(8)   Violation of California Business and Professions Code §§ 17200 <u>et seq.</u>**

**DEMAND FOR JURY TRIAL**

## <u>PRELIMINARY STATEMENT</u>

1.      This is a collective and class action brought by Individual and Representative Plaintiffs Elizabeth Sliger, Carol Dion and Scott Avila (collectively, "Plaintiffs"), on their own behalf and on behalf of the proposed classes.  Plaintiffs and the putative class members are or were employed by Defendant Prospect Mortgage, LLC and certain Doe Defendants, or their predecessors-in-interest, as "loan officers," "loan originators," and similar job titles, and were denied overtime and minimum wage compensation as required by state and federal wage and hour laws.  These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendants as "loan officers," "loan originators," or similar job titles, within the United States at any time within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Period").

3.      The California Class is made up of all persons who are, have been, or will be employed by Defendants as "loan officers," "loan originators," or similar job titles, within the State of California within four years of the filing of this Complaint through the date of final disposition of this action (the "California Class Period").

4.      During the Collective Period and the California Class Period, Defendants failed to pay overtime compensation to each member of the respective classes as required by federal and state law.  Plaintiffs seek relief for the California Class under California wage and hour law, and for the Collective under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay waiting penalties,

-2-

1  and to maintain accurate time records, in addition to injunctive relief.

2  <u>**THE PARTIES**</u>

3      5.      Individual and representative Plaintiff Elizabeth Sliger is an individual residing in

4  Folsom, California (Sacramento County).  She was employed by Defendants from approximately

5  May 2008 until February 2010 as a loan officer in Defendants' Roseville, California office

6  (Placer County).

7      6.      Individual and representative Plaintiff Carol Dion is an individual residing in

8  Roseville, California (Placer County).  She was employed by Defendants from approximately

9  May 2008 until November 2009 as a loan officer in Defendants' Roseville, California office

10  (Placer County).

11      7.      Individual and representative Plaintiff Scott Avila is an individual residing in

12  Clovis, California (Fresno County).  He was employed by Defendants from approximately March

13  2009 until December 2009 as a loan officer in Defendants' Fresno, California (Fresno County)

14  office.

15      8.      Upon information and belief, Defendant Prospect Mortgage, LLC ("Defendant

16  Prospect Mortgage") is a California corporation doing business in and maintaining offices in

17  several states throughout the United States, and maintains offices in several locations throughout

18  California, including its headquarters in Sherman Oaks, California (Los Angeles County).

19  According to the company's website, Defendant Prospect Mortgage is one of the largest

20  independent residential mortgage lenders in the United States, and offers mortgage products such

21  as FHA, VA, conventional, and jumbo loans.  It formerly did business under the name Metrocities

22  Mortgage.

23      9.      Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their

24  true names and capacities are unknown to Plaintiffs.  When their true names and capacities are

25  ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities

26  herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

27  defendants is responsible in some manner for the occurrences herein alleged, and that the

28  damages of Plaintiffs and the putative class members herein alleged were proximately caused by

-2-

1   such Defendants.

2       10.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

3   was, at all times relevant to this action, the agent, employee, representing partner, and/or joint

4   venture of the remaining Defendants and was acting within the course and scope of the

5   relationship.  Plaintiffs are further informed, believe, and thereon allege that each of the

6   Defendants gave consent to, ratified and authorized the acts alleged herein to the remaining

7   Defendants.

8   **<u>JURISDICTION AND VENUE</u>**

9       11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case

10   is being brought under the FLSA, 29 U.S.C. § 201 *et seq*.  The representative Plaintiffs have each

11   signed a consent form to join this lawsuit.  (Ex. A.)  Consent forms of other individuals are

12   attached hereto.  (Ex. B.)  This Court also has supplemental jurisdiction over the California state

13   law claims pursuant to 28 U.S.C. § 1367.

14       12.    Venue is proper in the United States District Court, Eastern District of California

15   pursuant to 28 U.S.C. § 1391, because Defendants operated facilities in Fresno County, California

16   and because a substantial part of the events giving rise to the claims occurred in this district.

17       13.    Pursuant to LR 120, this action is properly assigned to the Sacramento Division of

18   the Eastern District of California because a substantial portion of the events giving rise to this

19   dispute occurred in Placer County, California.

20       14.    Venue is proper in the United States District Court, Eastern District of California

21   pursuant to 28 U.S.C. § 1391, because Plaintiff Sliger resides in Sacramento County and

22   Defendants regularly conduct business in this District, and because a substantial part of the events

23   giving rise to the claims occurred in this District.

24   **<u>FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS</u>**

25       15.    Defendants employed Plaintiffs and other loan officers.  Defendants through their

26   policies, practices, and supervisors, directed the work activity of Plaintiffs and other loan officers.

27   Employees of Defendants had the authority to discipline Plaintiffs and other loan officers.

28

-3-

16.     Plaintiffs are informed, believe, and thereon allege that Defendants' gross annual sales made or business done is $500,000.00 or greater.   Defendants operate in interstate commerce by, among other things, selling mortgage loan products in multiple states.

17.     Defendants paid Plaintiffs and other loan officers on a commission-only basis.   As a result, there were many pay periods during which Plaintiffs and other loan officers received less than minimum wage or no compensation at all.

18.     By way of example, Plaintiff Sliger began working for Defendants in May of 2008 and did not receive her first payment of wages until approximately June or July 2008.

19.     By way of example, Plaintiff Dion did not receive any pay for the first six or eight weeks of her employment with Defendants.

20.     By way of example, Plaintiff Avila began working for Defendants in March of 2009, but did not receive his first payment of wages until approximately June 2009.

21.     Defendants uniformly applied its commission-only payment structure to all loan officers.   Plaintiffs are aware of other loan officers who failed to complete a sale during certain pay periods.   Therefore, other loan officers also suffered pay periods in which they did not receive any pay.

22.     Defendants suffered and permitted Plaintiffs and other loan officers to work more than eight hours per day and more than forty hours per week without overtime compensation for all overtime hours worked.   For example, Plaintiffs and loan officers regularly worked at least five days a week.   They usually began work in the early morning.   In addition, Plaintiffs and other loan officers regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week and eight in a day on a regular basis.

23.     By way of example, Plaintiff Sliger often worked from 8:00 until 5:00 two days a week and 8:00 to 6:00 three days a week, plus additional time at home in the evenings.   Plaintiff Sliger also worked on the weekends.

24.     By way of example, Plaintiff Dion often worked eleven hours a day, six days a week.

25.     By way of example, Plaintiff Avila often worked approximately eight hours a day in the office, five days a week, plus an additional two hours from home in the evenings, four days a week.  Plaintiff Avila also worked on the weekends. Defendants knew Plaintiffs and other loan officers worked more than eight hours in a day and forty hours in a week because Defendants expected Plaintiffs and other loan officers to be available to receive phone calls and answer emails – from customers, realtors and from Defendants' management employees – in the evenings and on weekends.  Also, for example, Plaintiffs and other loan officers were expected to respond to leads within two hours of receiving them.  Plaintiffs sometimes received these leads in the evenings and on the weekends.

26.     Other loan officers likewise worked more than forty hours in a week and/or eight hours in a day.  Plaintiffs observed other loan officers working similar hours to the hours they worked.

27.     Defendants uniformly misrepresented to Plaintiffs and other loan officers that they were exempt employees and therefore ineligible to receive overtime pay.

28.     Defendants treated Plaintiffs and other loan officers as exempt employees and therefore did not pay them any overtime compensation, even though they worked overtime hours. Defendants uniformly applied this policy and practice to all loan officers.

29.     In reality, Plaintiffs and other loan officers are and were non-exempt sales employees who are and were entitled to overtime pay.  Defendants are in the business of selling mortgages.  Plaintiffs' and other loan officers' work is and was directly related to mortgage sales. Plaintiffs and other loan officers did not customarily and regularly make sales at their customers' home or place of business.  Instead, Plaintiffs and other loan officers regularly made sales over the phone, via the internet, or in person at Defendants' offices.

30.     Because Defendants required Plaintiffs and other loan officers to meet specific monthly production goals, Plaintiffs and other loan officers regularly, on average at least weekly, worked through meal periods and rest periods.  Defendants' production requirements, which applied to Plaintiffs and loan officers, prevented Plaintiffs and other loan officers from taking uninterrupted meal and rest periods.  Plaintiffs observed other loan officers, in the same manner

-5-

1 as Plaintiffs, sometimes working throughout the day without stopping for meal or rest periods.

2   31. Defendants' supervisory employees observed loan officers working through meal

3 and rest periods.  For example, Plaintiffs and other loan officers regularly ate lunch while they

4 worked.  Defendants' supervisory employees observed this activity.

5   32. Defendants did not keep accurate records of the hours Plaintiffs and other loan

6 officers worked.  Defendants never instructed Plaintiffs or other loan officers to keep records or

7 their own hours worked.  Because Defendants did not pay Plaintiffs and other loan officers for all

8 the hours they worked, including overtime hours, Defendants' wage statements did not accurately

9 reflect all hours Plaintiffs and other loan officers worked.

10   33. Defendants did not pay Plaintiffs and other loan officers for their overtime hours.

11 Accordingly, Defendants did not provide Plaintiffs and other loan officers with all compensation

12 owed to them, including their unpaid overtime, at the time they separated from the company.

13   34. Defendants' unlawful conduct has been widespread, repeated and consistent.

14   35. Defendants are aware of wage and hour laws, as evidenced by the fact that they

15 provide overtime compensation to other employees who are not loan officers.  Moreover, it is

16 common industry knowledge that courts and the United States Department of Labor have found

17 loan officers to be non-exempt.

18   36. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

19 and has caused significant damages to Plaintiffs and other "loan officers," "loan originators," and

20 other individuals with similar job titles.

21       **COLLECTIVE ACTION ALLEGATIONS**

22   37. Plaintiffs bring the First Claim for Relief on behalf of themselves and other

23 similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly

24 situated employees are:

25   All persons who are, have been, or will be employed by Defendants as "loan officers,"

26   "loan originators," and individuals with similar job titles within the United States at any

27   time three years prior to the filing of this Complaint through the entry of judgment in this

28   case ("Nationwide FLSA Collective").

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

38.     Upon information and belief, Defendants paid Plaintiffs and the Nationwide FLSA Collective strictly on a commission basis, and suffered and permitted them to work more than forty hours per week without minimum wages and/or overtime compensation.  Defendants have not paid them proper minimum wages and/or overtime compensation for hours worked beyond forty per week.  The commission-only pay plan is a uniform policy, decision, and/or plan that applies to all loan officers.

39.     Defendants classified all loan officers as "exempt" from overtime under the FLSA. Accordingly, Plaintiffs and the FLSA Collective were subject to Defendants' policy, decision, and/or plan of improperly treating and classifying underwriters as "exempt" under the FLSA and failing to pay appropriate overtime compensation,

40.     Defendants' unlawful conduct has been widespread, repeated and consistent.

41.     Upon information and belief, Defendants knew that Plaintiffs and the Nationwide FLSA Collective performed work that required minimum wage and overtime pay.  Defendants instructed them to work long hours and weekends without the proper pay, Plaintiffs and/or those similarly situated complained to Defendants about these practices, and it is common industry knowledge that loan officers are non-exempt employees.  Defendants operated under a scheme to deprive these employees of minimum wage and overtime compensation by failing to properly compensate them for all hours worked.

42.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Nationwide FLSA Collective.

43.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Nationwide FLSA Collective, and as such, notice should be sent to the Nationwide FLSA Collective.  There are numerous similarly situated, current and former employees of Defendants who have been denied minimum wages and overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendant's records.

**CLASS ALLEGATIONS**

44.     Plaintiffs (collectively, the "California Class Representatives") bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **California Class:**          All Persons who are, have been, or will be employed by Defendants as "loan officers," "loan originators," or similar job titles, within the State of California within four years of the filing of this Complaint until the final disposition of this case.

45.     <u>Numerosity</u>:   Upon information and belief, the Proposed California Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed hundreds of people who satisfy the definition of the Proposed California Class.

46.     <u>Typicality</u>:   The California Class Representatives' claims are typical of the members of the California Class.  For example:

> a.   The California Class Representatives are informed and believe that, like other loan officers, they routinely worked more than forty hours per week, and more than eight hours per day, during the California Class Period.  The California Class Representatives observed members of the California Class working more than eight hours in a day and forty hours in a week.

> b.   The California Class Representatives had the same duties and responsibilities as other Class members.  Class Representatives' and Class Members' primary duty was to sell mortgage loans.

> c.   The California Class Representatives and the California Class were subject to Defendants' policy and practice of improperly treating and classifying employees in these positions as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation and minimum wages, failing to pay

waiting time penalties, failing to provide meal and rest breaks, and failing to maintain accurate records of their hours worked.

47.     <u>Superiority</u>:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

48.     <u>Adequacy</u>:     The California Class Representatives will fairly and adequately protect the interests of the California Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

49.     <u>Commonality</u>: Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a.   Whether Defendants improperly labeled and treated the California Class Representatives and the members of the California Class as exempt;

    b.   Whether Defendants unlawfully failed to pay appropriate overtime and minimum wage compensation to the California Class Representatives and the members of the California Class in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 1140), and the FLSA;

    c.   Whether Defendants employed the California Class Representatives and the members of the California Class within the meaning of California law;

    d.   Whether the California Class Representatives and the members of the California Class who are no longer employed by Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

    e.   Whether Defendants' policies and practices provide and/or authorize meal and rest periods;

    f.   Whether Defendants provided adequate itemized wage statements to the California Class Representatives and the members of the California Class pursuant to California Labor Code § 226;

g.  Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq*. by violating the state and federal laws as set forth herein;

h.  The proper measure of damages sustained by the California Class; and

i.  Whether Defendants' actions were "willful."

50.  This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the California Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

51.  Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled.  The damages suffered by the individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

52.  Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23.  The names and addresses of the members of the California Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME

### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

(On Behalf of Plaintiffs and the Nationwide FLSA Collective)

53.  Plaintiffs and the Nationwide FLSA Collective allege and incorporate by reference

-10-

the allegations in the preceding paragraphs.

54.     At all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed employees, including Plaintiffs Sliger, Dion and Avila and each member of the Nationwide FLSA Collective.

55.     Plaintiffs Sliger, Dion and Avila consent in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  (Ex. A.)  As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.  Consent forms of other individuals are attached hereto.  (Ex. B.)

56.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

57.     Plaintiffs and the Nationwide FLSA Collective are entitled to be paid overtime compensation for all hours worked.

58.     Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiffs Sliger, Dion and Avila and the Nationwide FLSA Collective for all of their hours worked.

59.     By failing to compensate Plaintiffs and the Nationwide FLSA Collective overtime compensation, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*.

60.     By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Nationwide FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

61.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as

1    the Court deems just and proper.

2         63.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective, seek

3    recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29

4    U.S.C. § 216(b).

5                              **SECOND CLAIM FOR RELIEF**

6         **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR**

7                                    **STANDARDS ACT**

8                    (On Behalf of Plaintiffs and the Nationwide FLSA Collective)

9         64.     Plaintiffs and the Nationwide FLSA Collective allege and incorporate by reference

10   the allegations in the preceding paragraphs.

11        65.     The FLSA requires employers, such as Defendants, to pay employees the

12   minimum wage for all hours worked.

13        66.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the

14   FLSA.  Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum

15   wage was $6.55 an hour.  Since July 24, 2009, the federal minimum wage has been $7.25 an

16   hour.

17        67.     During the applicable statute of limitations, Defendants have failed to pay

18   Plaintiffs and members of the Nationwide FLSA Collective the federally mandated minimum

19   wage for all hours worked.

20        68.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

21   within the meaning of 29 U.S.C. § 255(a).

22        69.     Plaintiffs, on behalf of themselves and others similarly situated, seek damages in

23   the amount of unpaid overtime compensation and liquidated damages from three years

24   immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant

25   to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems

26   just and proper.

27        70.     Plaintiffs, on behalf of themselves and others similarly situated, seek recovery of

28   attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW

(On Behalf of the California Class Representatives and the California Class)

71.     The California Class Representatives and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

72.     At all times relevant to this action, the California Class Representatives and the California Class were employed by Defendants within the meaning of the California Labor Code.

73.     By the course of conduct set forth above, Defendants violated Cal. Labor Code §§ 510 and 1194.

74.     The California Labor Code requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.

75.     The California Class Representatives and the Proposed California Class are, were, or will be non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

76.     Throughout the California Class Period, and continuing through the present, the California Class Representatives and the California Class worked in excess of eight hours in a work day and/or forty hours in a work week.

77.     During the California Class Period, Defendants failed and refused to pay the California Class Representatives and the California Class proper overtime compensation.

78.     Defendants had a policy and practice of failing and refusing to pay proper overtime pay to the California Class Representatives and the California Class for their hours worked.

79.     As a result of Defendants' failure to pay wages earned and due to the California Class Representatives and the California Class, Defendants violated the California Labor Code.

80.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Class Representatives and the California Class have sustained damages, including loss of earnings for hours worked on behalf of Defendants, prejudgment interest, and attorneys' fees and costs.

-13-

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LAW**

(On Behalf of the California Class Representatives and the California Class)

81.     The California Class Representatives and the California Class incorporate by reference the allegations in the preceding paragraphs.

82.     The minimum wage in California prior to January 1, 2007 (during the applicable statute of limitations) was $6.75 an hour.  From January 1, 2007 to December 31, 2007, the minimum wage in California was $7.50 an hour.  Since January 1, 2008, the minimum wage in California has been $8.00 an hour.

83.     During the applicable statute of limitations, Defendants have failed to pay Plaintiffs and members of the California class the California minimum wage for all hours worked, in violation of Cal. Labor § 1182.12 and relevant wage orders.

84.     Pursuant to Cal. Labor § 1194, Plaintiffs are entitled to recover their unpaid wages in an amount to be established at trial, plus prejudgment interest, and costs and attorneys' fees. Further, Plaintiffs are entitled to recover liquidated damages pursuant to Cal. Labor § 1194.2.

**FIFTH CLAIM FOR RELIEF**

**WAITING TIME PENALTIES UNDER CALIFORNIA LAW**

(On Behalf of the California Class Representatives and California Class)

85.     The California Class Representatives and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

86.     California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

87.     The California Class Representatives and the California Class who ceased employment with Defendants are entitled to unpaid overtime compensation, but to date have not received such compensation.

-14-

88.     More than thirty days have passed since the California Class Representatives and certain members of the California Class left Defendants' employ.

89.     As a consequence of Defendants' willful conduct in not paying proper compensation for all hours worked the California Class Representatives and certain members of the California Class whose employment ended during the California Class Period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CALIFORNIA LAW

(On Behalf of the California Class Representatives and California Class)

90.     The California Class Representatives and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

91.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Class Representatives and the Proposed California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the California Class Representatives and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

92.     The California Class Representatives and the California Class are Plaintiff and the California Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a) and further seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### SEVENTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE AND/OR AUTHORIZE MEAL AND REST PERIODS

(On Behalf of the California Class Representatives and California Class)

-15-

93.    The California Class Representatives and the California Class allege and incorporate by reference the allegations in the proceeding paragraphs.

94.    California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

95.    Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

96.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half

-16-

(3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

97.     California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

98.     Defendants knowingly failed to provide the California Class Representatives and the California Class with meal periods as required by law, and knowingly failed to authorize and permit the California Class Representatives and the California Class to take rest periods as required by law.  The California Class Representatives and the California Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

## EIGHTH CLAIM FOR RELIEF

### CALIFORNIA UNFAIR COMPETITION LAW

(On Behalf of the California Class Representatives and California Class)

99.     The California Class Representatives and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

100.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

101.     Beginning at a date unknown to the California Class Representatives, but at least as long ago as the year 2006, Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendants' conduct as herein alleged has injured the California Class Representatives and the California

-17-

Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Class Representatives and the California Class.

102.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

A.    Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

B.    California Labor Code §§ 510 & 1194;  and

C.    California Labor Code §§ 226.7, and 512.

103.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.    Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

104.    The harm to the California Class Representatives and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendants' policies or practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

105.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the Class Members are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendants during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay required wages to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

**PRAYER FOR RELIEF**

106.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Collective, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the Nationwide FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, and

-18-

permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.    Judgment against Defendants for an amount equal to Plaintiffs and the Nationwide FLSA Collective's unpaid minimum wages and overtime wages at the applicable rates;

C.    A finding that Defendants' conduct was willful

D.    An equal amount to the minimum wages and overtime wages as liquidated damages;

E.    All costs and attorney' fees incurred prosecuting these claims, including expert fees;

F.    Pre-judgment and post-judgment interest, as provided by law;

G.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H.    Such further relief as the Court deems just and equitable.

WHEREFORE, the California Class Representatives on behalf of themselves and all members of the California Class they represent pray for relief as follows:

I.    Unpaid overtime wages, other due wages, injunctive relief, and unpaid meal and rest premiums pursuant to California law;

J.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

K.    Designation of the California Class Representatives as representatives of the California Class, and counsel of record as Class Counsel;

L.    Appropriate equitable relief to remedy Defendants' violations of state law;

M.    Appropriate statutory penalties;

N.    An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

O.    Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor §§ 1194, and California Code of Civil Procedure § 1021.5;

P.    Pre-judgment and post-judgment interest, as provided by law; and

Q.    Such other equitable relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

107.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.


Dated: January 13, 2011                    NICHOLS KASTER, LLP

                                           By:    s/ Matthew C. Helland
                                                  Matthew C. Helland

                                           Attorneys for Plaintiffs and the Proposed Classes

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF